### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### LITTLE ROCK DIVISION

**ROBERT DAVIS,**                                )
                                                 )
     **Plaintiff,**                          )
                                                 )   **Cause No.4-07-CV-00521-BSM**
**vs.**                                          )
                                                 )
**UNION PACIFIC RAILROAD COMPANY,**              )
                                                 )
**Defendant.**                                   )

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT UNION PACIFIC RAILROAD COMPANY

COMES NOW Plaintiff Robert Davis, by and through counsel, and for his Brief in Support of his Motion to Compel Discovery from Defendant Union Pacific Railroad Company states to this Court as follows:

### INTRODUCTION

This case involves a claim brought under the Federal Employer's Liability Act (FELA) by Plaintiff Robert Davis against his employer Defendant Union Pacific Railroad Company ("UPRR") for personal injuries he sustained on February 13, 2007 when he suffered permanent injuries to his left ankle and left knee while walking on ballast in UPRR's North Little Rock Yard. Davis has been disabled from work since February 13, 2007.

Trial is set for March 3, 2009 with a discovery cut off date of December 19, 2008. Davis forwarded his First Set of Interrogatories and a First Set of Request for Production to UPRR on September 20, 2007. UPRR responded in part to the discovery on December 12, 2007, but objected to producing important information. On December 26, 2007 Davis' counsel wrote to UPRR's counsel in a good faith effort to resolve these outstanding issues without Court intervention. *See* Exhibit 1, attached hereto. Thereafter, UPRR did supplement some of its discovery responses,

however, there remain Interrogatories as well as Requests for Production which UPRR has either

not fully answered or has improperly objected thereto.

For the reasons that follow, UPRR should be compelled to fully respond to the following

discovery:

## ARGUMENT

Discovery matters are within the inherent power and broad discretion of a trial court.

Nuckles v. Wal-Mart Stores, Inc., 2007 WL 1546092 (E.D. Ark. 2007).   Rule 26 of the Federal

Rules of Civil Procedure authorizes discovery of "any matter, not privileged, that is relevant to the

claim or defense of any party." Id. at *1. Further, it authorizes a trial court to expand its scope by

ordering the discovery of any facts relevant to the subject matter involved in the action. Id.   The

relevance standard for discovery is necessarily broad in scope in order to encompass any matter that

bears on or could lead to other matters that relate to *any issue that is or may be in the case.* Id.

(emphasis in original) (citations omitted).   Based on the broad and liberal discovery policy

advanced by Rule 26 in the federal courts, UPRR should be ordered to answer and respond to the

discovery set forth below:

## A. PLAINTIFF'S FIRST SET OF INTERROGATORIES

19.     Identify all employees who have reported injury as a result, in whole or part, of

walking on ballast, date of incident and location and type and size of ballast involved for the period

of 1990 to present.

**ANSWER:     Defendant objects to this Interrogatory because it is vague, overbroad,
unduly burdensome, irrelevant in that it is not limited to the relevant geographic location, or
matters substantially similar to Plaintiff's allegations, and it seeks information not reasonably
calculated to lead to the discovery of admissible evidence.   Furthermore, Defendant objects to**

the extent this Interrogatory seeks disclosure of information regarding complaints of personal injury, as this would constitute an invasion of the privacy rights of employees who are not parties to this action and/or may violate HIPAA regulations. Notwithstanding and without waving these objections, please see Defendant's Answer to Interrogatory No. 12. [1]

REASON TO COMPEL:   Plaintiff has alleged in his Complaint, *inter alia*, that UPRR failed to provide him with safe walking areas, failed to inspect and maintain the ballast and failed to use appropriately sized and secure ballast/chat in areas where it required its employees to walk. Plaintiff's Interrogatory #19 simply requests information regarding whether or not other employees of UPRR have sustained injuries from walking on ballast and if so where, when, and the type and size of ballast involved.   UPRR's objection that this Interrogatory is vague, overbroad, unduly burdensome, and irrelevant in that it is not limited to the relevant geographic location, or matters substantially similar to Plaintiff's allegations, is not well taken as UPRR has articulated no basis which supports its objection.   It is worth noting that UPRR has not objected to the requested time period of 1990 to present and hence has waived this objection per Rule 33 (b) (f) of the Federal Rules of Civil Procedure.

---

1 Plaintiff's Interrogatory No. 12: During the three years immediately prior to the incident described in Plaintiff's Complaint had any of Defendant's employees advised Defendant, its foremen or supervisors, of any safety concerns with respect to walking conditions on the N. Little Rock yard or service track. Defendant objects to the portion of this Interrogatory that asks for information regarding walking conditions in the North Little Rock yard because it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. If so, state the following: a. The names and addresses of the person so informing Defendant, its foremen or supervisors; b. The date or approximate date Defendant, its foreman or supervisors were so informed; c. The names of the foremen and supervisors so informed; d. Are there any documents with regard thereto?   If so, state the name and address of the person having possession, custody or control of those documents.

Defendant's Answer to Interrogatory No. 12:   Defendant has found no record of receiving any complaints regarding safety concerns with respect to walking conditions near the service track. Defendant objects to the portion of this Interrogatory that asks for information regarding walking conditions in the North Little Rock yard because it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.   Furthermore, Defendant objects to the extent this Interrogatory seeks disclosure of information regarding complaints of personal injury, as this would constitute an invasion of the privacy rights of employees who are not parties to this action and/or may violate HIPAA regulations. Notwithstanding and without waiving the objection, investigation continues.

Defendant's Supplemental Answer to Interrogatory No. 12:   Defendant has searched its records but has not located any Personal Injury Reports or Manager's Reports corresponding to ballast claims in the area and time frame requested in this Interrogatory

UPRR, however, maintains a searchable computer data base of all claims and this database could be searched and would reveal prior injuries due to walking on ballast. *See* as an example of UPRR's searchable database of injuries, record of prior claims for cumulative trauma due to spinal injuries attached hereto as Exhibit 2. This printout is an example of the search capabilities that UPRR possesses. In Exhibit 2, the search was limited to engineers and conductors in all locations for all dates. As evident from this exemplar list of prior reported incidents, UPRR records data containing the date, location and circumstances of specific injury events. Here, Plaintiff seeks information regarding claims of traumatic injury due to walking on ballast. It does not matter whether the ballast is in Little Rock or Los Angeles. Ballast is ballast- it is used as a track structure and is a walking surface which employees are expected to use. Prior and subsequent incidents and the circumstances surrounding same which demonstrate sufficient similarity to the subject incident are relevant to showing notice of the slip/trip injury hazard to UPRR and showing that ballast of the size over which Plaintiff had to traverse constitutes an unsafe and negligent working condition. Plaintiff will be required to prove UPRR was on notice of a dangerous condition, UPRR should not be allowed to deny liability and notice of a dangerous condition when it has the very information which put it on notice.

Performing a computer search is not unduly burdensome because as seen in Exhibit 2, UPRR only has to input search parameters into a computer database which then generates the search result. Further, UPRR fails to articulate why similar injuries from hazardous ballast walking conditions, whether the injuries occurred in California or Arkansas, would not be relevant and discoverable in the present case. Similar incidents of injury would demonstrate prior knowledge of UPRR of the propensity of its employees to injure themselves from walking on large unsafe ballast and what action was taken, if any, by UPRR at other locations in response to complaints of large

4

unsafe ballast or in response to employee injuries. This information would lead to the discovery of admissible evidence because it would reveal that UPRR, in this case, could have made the area where Plaintiff was injured safe for walking and instead UPRR ignored the complaints of its employees and allowed a dangerous area to continue in existence thereby resulting in Plaintiff's injury.

UPRR also objects to this Interrogatory based on HIPAA. This Interrogatory does not request any medical treatment records or other documents which could possibly fall under HIPAA. Documents regarding complaints of personal injuries do not violate HIPAA. Personal Injury Reports and Manager's Reports are not subject to HIPAA. In the event, however, that any of the requested documents did contain information regarding medical treatment, these documents could easily be redacted and Plaintiff could still be provided the injury information to which he is entitled and HIPAA would not be violated.

21.     Identify what type/size of ballast Defendant has had in the N. Little Rock yard and service track since 1990, the date it was installed/laid and all maintenance and inspections performed by Defendant of the subject service track over this period.

**ANSWER:** **Defendant objects to this Interrogatory because it is overbroad, unduly burdensome, not limited to the relevant geographic location, or matters relevant to this lawsuit (incidents substantially similar to Plaintiff's allegations), it is not limited to a reasonable amount of time, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this objection, investigation continues, and Defendant will supplement its responses if it locates information responsive to this Interrogatory.**

REASON TO COMPEL:      Plaintiff's Complaint alleges that he was injured in the UPRR North Little Rock Yard at an area referred to as the "service track." He was injured due to the presence of large, unstable ballast in this yard.  This Interrogatory requests information regarding the type and size of ballast which exist in the North Little Rock Yard and in the service track area and when the ballast was installed and any inspections and maintenance thereof.  Defendant should be compelled to answer this Interrogatory because this information is relevant and discoverable. Plaintiff is entitled to know the size and type of ballast used throughout the yard and also in the service track area as he is alleging he was injured due to the unsafe walking conditions which include large unstable ballast.  Photographs taken after Plaintiff's injury event reveal that the ballast appears to be oversized.  *See* Exhibit 3 attached hereto, photographs taken by Plaintiff of the ballast in the area where he was injured.  The larger the rock, the more difficult it is to walk.  The more difficulty one encounters in walking, the more likely that an injury will occur.  UPRR keeps records of the size and type of the ballast that it lays and it should be ordered to produce these records.

Plaintiff is entitled to know if there was any maintenance work or inspections performed in the service track area as this is the area where his injuries occurred.  UPRR's objections to this Interrogatory are unfounded as this Interrogatory is limited to the geographical area where Plaintiff was injured and is relevant because if there were inspections performed of this area, Plaintiff is entitled to know the results of said inspections.  Inspections could reveal that UPRR was on notice that this area presented a danger to its employees.  Information regarding maintenance work is equally important and could reveal that UPRR took action in this area which caused or worsened the condition which existed on that date that Plaintiff was injured.  Conversely, if there are no such maintenance records, this fact could reveal that UPRR ignored the safety of its workers and allowed

an unsafe condition to continue to exist.  Further, documents regarding inspections and maintenance could reveal the names of important witnesses.

UPRR objects to this Interrogatory but then states that its investigation continues and it will supplement if it locates information which is responsive.  UPRR's objection should be overruled and it should be ordered to answer this Interrogatory.

### B. PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION

14.     All records during the period 2004 to present reflecting whether any of Defendant's employees advised Defendant, its foremen or supervisors, of any safety concerns with respect to walking on ballast or uneven surfaces.

**RESPONSE:** See Defendant's Answer to Interrogatory No. 12.

REASON TO COMPEL:      UPRR relies on its Answer to Interrogatory No. 12 which, for the Court's convenience, is set forth herein this document at Footnote 1.   That Interrogatory, however, was limited to the service track area and the North Little Rock Yard.  This Request is not geographically limited and since UPRR has not lodged a proper objection on those grounds, that objection should be deemed waived and UPRR should be ordered to respond to this Request.

This Request is limited to a reasonable amount of time, four years, and seeks documents which would reveal whether any of UPRR's employees advised UPRR of safety concerns regarding walking on ballast.  These documents would reveal whether or not UPRR was placed on notice of safety concerns that its employees had with regard to walking on ballast.  These documents would also reveal the names of witnesses Plaintiff may wish to depose.  Further, these documents could reveal a pattern of conduct by UPRR whereby employees complain to UPRR, these complaints ate ignored and injuries result.  UPRR should be ordered to respond to this Request.

16.     All reports by employees who have reported injury as a result, in whole or part, of walking on ballast, date of incident, location and type and size of ballast involved, for the period of 1990-present, and all managers' reports regarding same.

**RESPONSE: Defendant objects to this Request because it is overbroad, unduly burdensome, and not reasonably limited in time.  Furthermore, Defendant objects to the extent this Interrogatory seeks disclosure of information regarding complaints of personal injury, as this would constitute an invasion of the privacy rights of employees who are not parties to this action and/or may violate HIPAA regulations.   In addition, please see Defendant's Answer to Interrogatory No. 19.**

REASON TO COMPEL:     This Request seeks reports of other UPRR employees who have been injured from walking on ballast and also seeks the managers' reports regarding these incidents.  If such documents exist, Plaintiff is entitled to these documents as such documents would demonstrate prior knowledge of UPRR of the propensity of its employees to injure themselves from walking on large unsafe ballast and what action was taken, if any, by UPRR at other locations in response to complaints of large unsafe ballast or in response to employee injuries.  This could lead to the discovery of admissible evidence because it could reveal that UPRR, in this case, could have made the area where Plaintiff was injured, safe for walking and instead UPRR ignored the complaints of its employees and allowed a dangerous area to continue in existence thereby resulting in Plaintiff's injury.  These documents could also lead to the identification of witnesses who may have knowledge relevant to Plaintiff's claim.  Contrary to Defendant's objection, this Request does not request any medical treatment records which could possibly fall under HIPAA.  Personal Injury Reports and Manager's Reports are not subject to HIPAA. Further, per the recently amended Federal Rule of Civil Procedure 5.2, any private information such as social security numbers, dates

of birth etc. could be redacted.  UPRR should be compelled to fully and completely respond to this Request.

18.     Provide all records of the type/size ballast Defendant has had in the N. Little Rock yard and service track since 1990, the date it was installed/laid, and all reports of maintenance and inspections performed by Defendant for the period 1990 to the present.

**RESPONSE: Defendant objects to this Request because it is overbroad, unduly burdensome, not limited to the relevant geographic location, craft, or matters relevant to this lawsuit (incidents substantially similar to Plaintiff's allegations), it is not limited to a reasonable amount of time, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence.   Notwithstanding and without waiving this objection, investigation continues, and Defendant will supplement its response if it locates documents responsive to this Request.**

REASON TO COMPEL:     Plaintiff's Complaint alleges that he was injured in the UPRR North Little Rock Yard at an area referred to as the "service track."  He injured himself due to the presence of large, unstable ballast in this yard.  This Request seeks documents regarding the type and size of ballast which exist in the North Little Rock Yard and in the service track area and when the ballast was installed and any records of inspections and maintenance.   Defendant should be compelled to answer this Request because these documents are relevant and discoverable.  Plaintiff is entitled to copies of maintenance work or inspections performed in the service track area as this is the area where his injuries occurred.  Inspections could reveal that UPRR was on notice that this area presented a danger to its employees.  Information regarding maintenance work is equally important and could reveal that UPRR took action in this area which caused or worsened the condition which existed on that date that Plaintiff was injured.  If there are no such maintenance

documents this would reveal that UPRR should have taken action to maintain or repair this area yet failed to do so.  In addition, this Request is reasonably limited in that it only requests documents regarding the North Little Rock Yard which has track and terrain which is similar to the service track area where Plaintiff was injured.  UPRR objects to this Request but then states that its investigation continues and it will supplement if it locates documents which are responsive. UPRR's objection should be overruled and it should be ordered to respond to this Request.

Respectfully submitted,

SCHLICHTER, BOGARD & DENTON

_____/s/JULIA M. EADES_____
NELSON G. WOLFF Fed #37998; Ark #2006002
JULIA M. EADES, MO #50350
100 South Fourth Street, Suite 900
St. Louis, Missouri  63102
(314) 621-6115
(314) 621-7151 (fax)

Edward T. Oglesby ABN 89158
Suite 110 Morgan Keegan Bldg.
100 Morgan Keegan Dr.
Little Rock, AR  72202
(501) 664-1000   Fax (501) 644-1012
edward@oglesbylaw.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:
SCOTT H. TUCKER
KRISTOPHER B. KNOX, #2004071

FRIDAY, ELDREDGE & CLARK
400 W. Capitol Avenue, Suite 2000
Little Rock, Arkansas  72201
Fax: (501) 376-2147

　　　　　/s/JULIA M. EADES