**SCHLICHTER, BOGARD & DENTON, LLP**
ATTORNEYS AT LAW

| NELSON G. WOLFF  <br>nwolff@uselaws.com | 100 SOUTH FOURTH STREET, SUITE 900  <br>ST. LOUIS, MISSOURI 63102  <br>(314) 621-6115  <br>FAX (314) 621-7151  <br>www.uselaws.com | Illinois Office  <br>120 W. MAIN STREET, SUITE 208  <br>BELLEVILLE, ILLINOIS 62220  <br>(618) 632-3329  <br>Wisconsin Office  <br>8554 HIGHWAY 51, SUITE 103  <br>P.O. BOX 5  <br>MINOCQUA, WISCONSIN 54548  <br>(715) 358-6300 |
|---|---|---|

December 26, 2007

Kristopher B. Knox
Friday, Eldredge & Clark
400 W. Capitol Avenue, Ste 2000
Little Rock, AR 72201-3522

    Re:    **Robert Davis v. Union Pacific Railroad Company**

Dear Kris:

This acknowledges receipt of Defendant's Responses to Plaintiff's discovery.

With regard to the Interrogatories, I note as follows:

    #9     You note numerous rules, policies, manuals, bulletins, and instructions which you say you will make available to me at a mutually convenient time. I ask that you produce such material at this time.

    #11     You indicate that investigation continues. I ask that you supplement by January 12, 2008, which will allow an additional month from the date that you issued the original Answers.

    #12     I do ask for disclosure of information regarding complaints of personal injury, within the scope of the interrogatory. This type of information has been produced in virtually every case that I can think of where I have requested it. I am not asking for medical treatment records which could possibly come under HIPAA. Personal Injury Reports and Manager's Reports, however, are not subject to HIPAA and I ask that you supplement the responsive information.

    #18     Although you provided a signature page for Mr. Griffith, it was not signed and I ask that you produce an executed copy.

    #19     Although you referred to Answer to Interrogatory No. 12, there was no answer given to that question. I'll incorporate my comments above.

    #21     You indicate investigation continues and I ask that you supplement. I believe the scope is proper.



EXHIBIT
1



SCHLICHTER, BOGARD & DENTON
ATTORNEYS AT LAW

Kristopher B. Knox
December 26, 2007
Page 2

  #22 I ask that you reconsider your objection and that you provide the answer since the broad scope of discovery permits investigation into any matter which is reasonably calculated to the discovery of admissible evidence. The loss of a fringe benefit and the termination of employment relate to damages in this case which were the result of the injury occurrence, according to our theory of the case.

With respect to Request for Production #9, the AIRS Detail Report has been produced in numerous other cases, contradicting your claim of federal privilege. I think you will find out that this report is not actually produced to the FRA and typically it mirrors the Manager's Report. There is an Eighth Circuit case on point which I believe is <u>Villa v. BNSF</u> - I'm sure you can locate the rest of the cite. I incorporate my responses to your Interrogatory Objections, stated above, to the extent your Request for Production responses refer to your Interrogatory Answers.

I am assuming that answers made "subject to objection" are nonetheless complete and that no information is being withheld "subject to the objection." However, if this is not true, please indicate which discovery items you are withholding information on so that we can bring it to the Court's attention if we are not able to resolve the dispute.

Thank you in advance for your willingness to reconsider the Objections. I will await your response to this letter before filing a Motion to Compel so long as it is received in a timely manner. As always, feel free to call me to discuss further.

Very truly yours,

Nelson G. Wolff

NGW:rem