IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

ROBERT DAVIS                                              PLAINTIFF

vs.                              NO.: 4-07-CV-00521-BSM

UNION PACIFIC RAILROAD COMPANY                            DEFENDANT

## UNION PACIFIC'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

This brief is in response to Plaintiff's Motion to Compel.  Union Pacific addresses each

alleged discovery dispute in the order Plaintiff listed them in his brief.

### A.  Plaintiff's First Set of Interrogatories

> 19.     Identify all employees who have reported injury as a result,
> in whole or part, of walking on ballast, date of incident and
> location and type and size of ballast involved for the period of
> 1990 to present.
>
> ANSWER:    Defendant objects to this Interrogatory because it is
> vague, overbroad, unduly burdensome, irrelevant in that it is not
> limited to the relevant geographic location, or matters substantially
> similar to Plaintiff's allegations, and it seeks information not
> reasonably calculated to lead to the discovery of admissible
> evidence.  Furthermore, Defendant objects to the extent this
> Interrogatory seeks disclosure of information regarding complaints
> of personal injury, as this would constitute an invasion of the
> privacy rights of employees who are not parties to this action
> and/or may violate HIPAA regulations.   Notwithstanding and
> without waiving these objections, please see Defendant's Answer
> to Interrogatory No. 12.

**Reason Plaintiff's Motion To Compel Should be Denied:**  In his motion to compel,

Plaintiff contends that UP should be required to provide a list of all "claims of traumatic injury

due to walking on ballast" from 1990 to present.  Plaintiff argues that this request is not

overbroad or unduly burdensome because UP maintains a database that contains information

related to employee injuries and that "ballast is ballast."[1]   Although Plaintiff is correct that UP has a database that stores information related to reported injuries and that ballast is used throughout its system, he is incorrect in stating that the information he seeks is discoverable for several reasons.

First, Plaintiff's request for more than 17 years of information is overbroad and should be substantially reduced.[2]  Plaintiff cited *Nuckles v. Wal-Mart Stores, Inc.*, 2007 WL 1546092, at *2 (E.D. Ark. 2007), in his brief in support of his motion to compel.  In that case, the court stated "it is well established that a party's previous conduct is relevant and can be discovered.  But, the scope of discovery is usually limited to a reasonable number of years." *Id.*  The court went on to say that five years is a reasonable time frame for discovery.  Plaintiff's request for 17 years is unreasonable, and the Court should limit Plaintiff's request to five years before his alleged incident.

Second, Plaintiff's request for information from the entire UP system is also overbroad. UP operates thousands of miles of tracks in 23 states.  Incidents that occur in other locations and in other states are not relevant to an alleged incident at the Service Track in the North Little Rock yard.  When a plaintiff seeks information regarding an entire company, courts routinely limit discovery requests to the specific location at issue.  *See, e.g., Case v. Platte County*, No. 8:03CV160, 2004 WL 1944777, at *2 (D. Neb. June 11, 2004) (*citing Carman v. McDonnell Douglas Corp.*, 114 F.3d 790, 792 (8th Cir. 1997) (limiting discovery request for company-wide records to the facility at issue)).  Since there are many differences from one location on the railroad to the next, such as terrain, lighting, and visibility, Plaintiff's request should be limited

---

[1] Ballast is crushed rock that supports railroad tracks and provides drainage.  Federal law requires its use.  49 C.F.R. § 213.103.

[2] Plaintiff's contention that UP did not object to the time period is wrong.  UP objected to the amount of time Plaintiff is requesting when it stated that the Interrogatory was overbroad.  Such an objection clearly includes the time frame.

to the area where he contends he was injured, i.e. the Service Track at the North Little Rock yard.

Third, Plaintiff is seeking reports of all ballast claims even though he is only claiming that the ballast around the Service Track in the North Little Rock yard was too big. Accordingly, a search for all ballast related incidents is too broad. His request would return irrelevant incidents such as an employee walking down the track and getting struck in the eye with a piece of ballast or an employee that slips on a piece of ballast on a flat car. Since his request is overbroad, his request should be limited to incidents involving large rock or oversized ballast.

Finally, Plaintiff's request invades the privacy rights of UP employees that are not parties to this action. A UP rule requires all employees to report injuries of any kind. *See* attached Exhibit A, Rule 1.1.3. Failure to report an injury is grounds for dismissal. *See* Exhibit B, Rule 1.2.5. The information from these reported injuries is stored in a database. The employees do not have a choice on whether to have their information contained therein. Under such circumstances, Plaintiff should be required to produce especially compelling evidence that a just result cannot be obtained in this case without the disclosure of the identities of these third persons. *See, e.g., Kaufman v. Western Sugar Co-op, Inc.*, No. 7:06CV5017, 2007 WL 2509482, at *4 (D. Neb. Aug. 29, 2007) (stating that courts are reluctant to permit discovery of information that may intrude into the privacy interests of non-party employees absent a compelling showing of relevance). Plaintiff has not done so. Plaintiff states that he seeks the requested information in order to prove that the railroad had notice that large ballast creates a dangerous condition that presents a foreseeable risk of injury. This evidentiary purpose may be achieved with no intrusion whatsoever into the privacy of third parties. The only evidence necessary would be the fact that

another incident occurred and where and when it took place.  Accordingly, the identities of the

employees who reported the incidents are irrelevant and should be redacted.

> 21.    Identify what type/size of ballast Defendant has had in the N. Little Rock yard and service track since 1990, the date it was installed/laid and all maintenance and inspections performed by Defendant of the subject service track over this period.
>
> ANSWER:  Defendant objects to this Interrogatory because it is overbroad, unduly burdensome, not limited to the relevant geographic location, or matters relevant to this lawsuit (incidents substantially similar to Plaintiff's allegations), it is not limited to a reasonable amount of time, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this objection, investigation continues, and Defendant will supplement its response if it locates information responsive to this Interrogatory.
>
> SUPPLEMENTAL ANSWER:   Notwithstanding and without waiving the objection above, the area around the North Little Rock Service Track underwent a major overhaul in 2005 and 2006. Granite Mountain Quarry shipped 404 tons of ballast to Union Pacific for the service track overhaul project.  The ballast was shipped by truck on October 11, 2005 and unloaded on October 17, 2005.   The ballast was #2 Grade.   In addition, please see documents attached hereto and Union Pacific's Specifications for Main, Branch, and Yard Track Ballast, which was attached to Defendant's Responses to Plaintiff's Requests for Production.

**Reason Plaintiff's Motion To Compel Should be Denied:**   Like the previous

Interrogatory in dispute, this Interrogatory asks for more than 17 years worth of information.

This time frame is overbroad and unduly burdensome, especially considering that the area where

Plaintiff was allegedly injured underwent a major renovation less than two years before his

incident.  Information about that project has already been produced.  Additionally, information

regarding the entire North Little Rock yard is irrelevant.   The North Little Rock yard

encompasses hundreds of acres, numerous shops, and miles of track.  Plaintiff contends that he

was injured near the Service Track, which is a small area when compared to the entire North

Little Rock yard. *See* Exhibit C (Track Profile of the North Little Rock yard. The circled area designates the area around the service track). Since this request is overbroad and unduly burdensome, and since UP agrees to supplement its answer to this Interrogatory with its track inspection records for the five years before this incident, Plaintiff's motion to compel this Interrogatory should be denied.

## Plaintiff's First Set of Requests for Production

14.     All records during the period 2004 to present reflecting whether any of Defendant's employees advised Defendant, its foremen or supervisors, of any safety concerns with respect to walking on ballast or uneven surfaces.

RESPONSE: See Defendant's Answer to Interrogatory No. 12.

**Reason Plaintiff's Motion To Compel Should be Denied:** Plaintiff failed to include this request for production in his good faith letter to resolve discovery disputes prior to seeking court intervention as required by Rule 37 of the Federal Rules of Civil Procedure. *See* Exhibit D. Therefore, Plaintiff's motion to compel is improper at this stage and should be denied. Even if Plaintiff had made a good faith effort, his motion should still be denied because this request is overbroad as it seeks information regarding UP's entire 23 state system. Plaintiff has alleged an injury that occurred at a specific location and, therefore, walking conditions in other locations in other states are irrelevant.

Furthermore, in response to Interrogatory No. 12, UP searched its records for complaints regarding walking conditions in the North Little Rock yard for the requested time period and informed Plaintiff that it had not located any reports about ballast claims for that area. Since this search covered the area at issue, Plaintiff's motion to compel records for UP's entire system should be denied.

5

16.    All reports by employees who have reported injury as a result, in whole or part, of walking on ballast, date of incident, location and type and size of ballast involved, for the period of 1990-present, and all managers' reports regarding same.

RESPONSE: Defendant objects to this Request because it is overbroad, unduly burdensome, and not reasonably limited in time.    Furthermore, Defendant objects to the extent this Interrogatory seeks disclosure of information regarding complaints of personal injury, as this would constitute an invasion of the privacy rights of employees who are not parties to this action and/or may violate HIPAA regulations.    In addition, please see Defendant's Answer to Interrogatory No. 19.

**Reason Plaintiff's Motion To Compel Should be Denied:** Plaintiff failed to include this request for production in his good faith letter to resolve discovery disputes prior to seeking court intervention as required by Rule 37 of the Federal Rules of Civil Procedure. *See* Exhibit D. Therefore, Plaintiff's motion to compel is improper at this stage and should be denied. Even if Plaintiff had made a good faith effort, his motion should still be denied for the same reasons as discussed above under the reason to deny Plaintiff's motion to compel Interrogatory No. 19.

18.    Provide all records of the type/size ballast Defendant has had in the N. Little Rock yard and service track since 1990, the date it was installed/laid, and all reports of maintenance and inspections performed by Defendant for the period 1990 to the present.

RESPONSE: Defendant objects to this Request because it is overbroad, unduly burdensome, not limited to the relevant geographic location, craft, or matters relevant to this lawsuit (incidents substantially similar to Plaintiff's allegations), it is not limited to a reasonable amount of time, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence.    Notwithstanding and without waiving this objection, investigation continues, and Defendant will supplement its response if it locates documents responsive to this Request.

**Reason Plaintiff's Motion To Compel Should be Denied:** Plaintiff failed to include this request for production in his good faith letter to resolve discovery disputes prior to seeking

court intervention as required by Rule 37 of the Federal Rules of Civil Procedure. *See* Exhibit D.

Therefore, Plaintiff's motion to compel is improper at this stage and should be denied. Even if

Plaintiff had made a good faith effort, his motion should still be denied for the same reasons as

discussed above under the reason to deny Plaintiff's motion to compel Interrogatory No. 21.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Compel should be denied.

Respectfully submitted,

SCOTT H. TUCKER, #87176
KRISTOPHER B. KNOX, #2004071
FRIDAY, ELDREDGE & CLARK
400 W. Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201
Telephone: (501) 376-2011
Fax: (501) 376-2147
tucker@fec.net
kknox@fec.net

*Attorneys for Union Pacific Union
Pacific Railroad Company*

/s/ Kristopher B. Knox
KRISTOPHER B. KNOX, #2004071

7

## CERTIFICATE OF SERVICE

I, Kristopher B. Knox, do hereby certify that on this 8th day of August, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Nelson G. Wolff
Julia Eades
Schlichter, Bogard & Denton
100 South 4th Street, Suite 900
St. Louis, MO  63102

Edward T. Oglesby
Oglesby Law Firm, P.A.
100 Morgan Keegan Drive, Suite 110
Little Rock, AR  72202

/s/ Kristopher B. Knox
KRISTOPHER B. KNOX, #2004071
FRIDAY, ELDREDGE & CLARK
400 W. Capitol Avenue, Suite 2000
Little Rock, Arkansas  72201
Telephone:  (501) 376-2011
Fax: (501) 376-2147
kknox@fec.net

8

# 1.0     General Responsibilities

## 1.1     Safety

Safety is the most important element in performing duties. Obeying the rules is essentia to job safety and continued employment.

### 1.1.1     Maintaining a Safe Course

In case of doubt or uncertainty, take the safe course.

### 1.1.2     Alert and Attentive

Employees must be careful to prevent injuring themselves or others. They must be alert and attentive when performing thei duties and plan their work to avoid injury.

### 1.1.3     Accidents, Injuries, and Defects

Report by the first means of communication any accidents; personal injuries; defects in tracks, bridges, or signals; or an unusual condition that may affect the safe and efficient operation of the railroad. Where required, furnish a written report promptly after reporting the incident.

### 1.1.4     Condition of Equipment and Tools

Employees must check the condition of equipment and tools they use to perform their duties. Employees must not use defective equipment or tools until they are safe to use. Employees must report any defects to the proper authority.

## 1.2     Personal Injuries and Accidents

### 1.2.1     Care for Injured

When passengers or employees are injured, do everything reasonable to care for them.

### 1.2.2     Witnesses

If equipment is involved in personal injury, loss of life, or damage to property, the employee in charge must immediately secure the names, addresses, and occupations of all person involved, including all persons at the scene when the accider occurred and those that arrived soon after. The employee in charge must secure the names regardless of whether these persons admit knowing anything about the accident.

The employee in charge must also obtain the license numbers of nearby automobiles. When necessary, other employees ca assist in obtaining this information, which must be included in reports covering the incident.


EXHIBIT

Where signaling devices are provided or a flagman is on duty, the employee in charge and assisting employees must try to determine who, among the witnesses, can testify whether the signaling devices were functioning properly or if the flagman was performing his duties properly.

When possible, obtain the names of witnesses who can testify about the bell and whistle signals.

### 1.2.3 Equipment Inspection

If an accident results in personal injury or death, all tools, machinery, and other equipment involved, including the accident site, must be inspected promptly by the foreman, another person in charge of the work, or other competent inspectors. The inspector must promptly forward to his manager a report of the inspection. The report must include the condition of the equipment and the names of those making the inspection.

The equipment inspected must be marked for identification and placed in custody of the responsible manager or employee until the claims department is contacted and determines disposition.

### 1.2.4 Mechanical Inspection

When engines, cars, or other equipment are involved in an accident that results in personal injury or death, the equipment must be inspected before it leaves the accident site.

A mechanical department employee must further inspect the equipment at the first terminal. This employee must promptly report inspection results to the proper manager.

### 1.2.5 Reporting

All cases of personal injury, while on duty or on company property, must be immediately reported to the proper manager and the prescribed form completed.

A personal injury that occurs while off duty that will in any way affect employee performance of duties must be reported to the proper manager as soon as possible. The injured employee must also complete the prescribed written form before returning to service.

If an employee receives a medical diagnosis of occupational illness, the employee must report it immediately to the proper manager.





**SCHLICHTER, BOGARD & DENTON, LLP**
ATTORNEYS AT LAW

NELSON G. WOLFF
nwolff@uselaws.com

100 SOUTH FOURTH STREET, SUITE 900
ST. LOUIS, MISSOURI 63102
(314) 621-6115
FAX (314) 621-7151
www.uselaws.com



Illinois Office
120 W. MAIN STREET, SUITE 208
BELLEVILLE, ILLINOIS 62220
(618) 632-3329

Wisconsin Office
8554 HIGHWAY 51, SUITE 103
P.O. BOX 5
MINOCQUA, WISCONSIN 54548
(715) 358-6300

December 26, 2007

Kristopher B. Knox
Friday, Eldredge & Clark
400 W. Capitol Avenue, Ste 2000
Little Rock, AR 72201-3522

**Re:    Robert Davis v. Union Pacific Railroad Company**

Dear Kris:

This acknowledges receipt of Defendant's Responses to Plaintiff's discovery.

With regard to the Interrogatories, I note as follows:

#9      You note numerous rules, policies, manuals, bulletins, and instructions which you say you will make available to me at a mutually convenient time. I ask that you produce such material at this time.

#11     You indicate that investigation continues. I ask that you supplement by January 12, 2008, which will allow an additional month from the date that you issued the original Answers.

#12     I do ask for disclosure of information regarding complaints of personal injury, within the scope of the interrogatory. This type of information has been produced in virtually every case that I can think of where I have requested it. I am not asking for medical treatment records which could possibly come under HIPAA. Personal Injury Reports and Manager's Reports, however, are not subject to HIPAA and I ask that you supplement the responsive information.

#18     Although you provided a signature page for Mr. Griffith, it was not signed and I ask that you produce an executed copy.

#19     Although you referred to Answer to Interrogatory No. 12, there was no answer given to that question. I'll incorporate my comments above.

#21     You indicate investigation continues and I ask that you supplement. I believe the scope is proper.



**SCHLICHTER, BOGARD & DENTON**
ATTORNEYS AT LAW

Kristopher B. Knox
December 26, 2007
Page 2

> #22  I ask that you reconsider your objection and that you provide the answer since the broad scope of discovery permits investigation into any matter which is reasonably calculated to the discovery of admissible evidence. The loss of a fringe benefit and the termination of employment relate to damages in this case which were the result of the injury occurrence, according to our theory of the case.

With respect to Request for Production #9, the AIRS Detail Report has been produced in numerous other cases, contradicting your claim of federal privilege. I think you will find out that this report is not actually produced to the FRA and typically it mirrors the Manager's Report. There is an Eighth Circuit case on point which I believe is <u>Villa v. BNSF</u> - I'm sure you can locate the rest of the cite. I incorporate my responses to your Interrogatory Objections, stated above, to the extent your Request for Production responses refer to your Interrogatory Answers.

I am assuming that answers made "subject to objection" are nonetheless complete and that no information is being withheld "subject to the objection." However, if this is not true, please indicate which discovery items you are withholding information on so that we can bring it to the Court's attention if we are not able to resolve the dispute.

Thank you in advance for your willingness to reconsider the Objections. I will await your response to this letter before filing a Motion to Compel so long as it is received in a timely manner. As always, feel free to call me to discuss further.

Very truly yours,

Nelson G. Wolff

NGW:rem