IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | |
|---|---|
| ROBERT DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No.4-07-CV-00521-BSM |
| vs. | ) |
| | ) |
| | ) |
| UNION PACIFIC RAILROAD COMPANY, | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

COMES NOW Plaintiff Robert Davis, by and through counsel, and for his Reply to Defendant's Response to Plaintiff's Motion to Compel and states to this Court as follows:

**A. Plaintiff's First Set of Interrogatories:**

**Interrogatory 19.** Defendant has opined that the inquiry is overbroad both as to time, location and nature of incident. Defendant cites to *Nuckles v. Wal-Mart Stores, inc.,* 2007 WL 1546092 (E.D. Ark. 2007) for the proposition that five years is a per se measure of reasonable time. Yet Defendant did not describe why a five year period should be applicable to the discovery period for a Federal Employer's Liability Act (FELA) case as opposed to a premises liability claim as in *Nuckles*. "When the discovery sought appears relevant on its face, the party resisting discovery has the burden to establish that the discovery is not relevant, or is "of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure." *Moses v. Halstead,* 236 F.R.D. 667, 671 Defendant has

1

produced no evidence to establish that the time period of this discovery is of marginal relevance or any evidence to show any potential harm in answering this interrogatory.

Defendant then cites to *Case v. Platte County*, No. 8:03CV160, 2004 WL 1944777 (D. Neb. June 11, 2004) which cites to *Carman v. McDonnell Doughlas Corp.*, 114 F.3d 790(8th Cir. 1997) for the proposition that discovery should be limited to the Service Track at the North Little Rock yard. Defendant's reliance on these cases is in error. Both of these cases deal with employment discrimination issues. The Courts basis for limiting discovery in both cases was premised on evidence that the employment decisions in question were handled on a local level. There was no allegation that a company wide practice, policy or procedure was at question. In the present case, Defendant Union Pacific has company wide policies that dictate the size of ballast to be used in certain categories of locations. No such company wide policy was alleged in *Case* or *Carman.* Incidents company wide involving employees reporting injuries as a result of ballast are relevant to show notice of safety issues, notice of the breadth of the issues, notice of the length of time the issues have been ongoing, and to demonstrate a lack of responsiveness to the issues. Each of these items are factors Plaintiff has the burden of proving and Defendant is attempting to deprive Plaintiff of the source of proof for those items. As stated in *Moses* above, Defendant has not produced evidence to show any harm that would be caused by answering the interrogatory.

Finally, Defendant argues that the request violates employees' privacy rights. In support of which it cites *Kaufman v. Western Sugar Co-op, Inc.* No. 7:06CV5017, 2007 WL 2509482 (D. Neb. Aug 29, 2006). This appears to be a typo as *Kaufman* is found at 2007 WL 2509480. Regardless the *Kaufman* case is not applicable. Once again it is an

employment discrimination case.  In *Kaufman* the discussion was in relation to the production of employees entire personnel file.  An entire personnel file would contain vast amounts of personal information that an injury report would not.  Exhibit 1 is the standard injury report plaintiff filled out in the present case and it contains very little personal information.  Even the Court in *Kaufman* acknowledged that entire personnel files may be discoverable where the relevancy outweighs the privacy interest. Id at 5.  In the present case the relevancy of the injury reports greatly outweighs any privacy interest the employees may have in the limited personal information contained in the injury reports.  Defendant's objections should be overruled and it should be ordered to fully answer this Interrogatory.

**Interrogatory 21.** Defendant again objects that the inquiry is too broad as to time and geographic location.  The legal basis for overruling Defendant's objection as to overbreadth of this interrogatory is the same as that for overruling its objections to overbreadth in Interrogatory 19.  Defendant has produced no evidence to establish any potential harm in answering the interrogatory.  Furthermore, Defendant's proposed accommodation is insufficient as track inspection records do not pertain to the walking surfaces around the track.  Both locations are relevant to Plaintiff's case.

### B. Plaintiff's First Request for Production

**Request for Production 14.** Defendant has claimed that Plaintiff failed attempt to resolve this dispute prior to filing the present motion.  This is not accurate.  Exhibit D to Defendant's Response is the letter sent by Plaintiff's counsel in an attempt to resolve discovery disputes and it states "I incorporate my responses to your Interrogatory Objections, stated above, to the extent your Request for Production responses refer to

your Interrogatory Answers." Defendant's response to Request for Production 14 states "See Defendant's Answer to Interrogatory No. 12." An attempt to resolve the response to Interrogatory No. 12 was included in Exhibit D. As such, Exhibit D incorporates the attempt to resolve Interrogatory 12 into an attempt to resolve Request for Production 14. Plaintiff has attempted to resolve this discovery dispute prior to filing the present motion.

Defendant has once again objected based on overbreadth as to time and geographical location without supplying any evidence that the discovery sought is onerous to obtain, not available or production of such could cause any harm. Defendant's proffered self-restricted search of its records is an insufficient response to this Request to Produce. As such, Defendant's objection should be overruled and it should be ordered to fully answer this Request.

**Request for Production 16.** Defendant has claimed that Plaintiff failed attempt to resolve this dispute prior to filing the present motion. This is not accurate. Exhibit D to Defendant's Response is the letter sent by Plaintiff's counsel in an attempt to resolve discovery disputes and it states "I incorporate my responses to your Interrogatory Objections, stated above, to the extent your Request for Production responses refer to your Interrogatory Answers." Defendant's response to Request for Production 16 states "In addition, see Defendant's Answer to Interrogatory No. 19." An attempt to resolve the response to Interrogatory No. 19 was included in Exhibit D. As such, Exhibit D incorporates the attempt to resolve Interrogatory 12 into an attempt to resolve Request for Production 14. Plaintiff has attempted to resolve this discovery dispute prior to filing the present motion.

Defendant has once again objected based on overbreadth as to time and geographical location without supplying any evidence that the discovery sought is onerous to obtain, not available or production of such could cause any harm.  As such, Defendant's objection should be overruled and it should be ordered to fully answer this Request.

**Request to Produce 18.** Defendant is correct in that Plaintiff did not formally list Request to Produce 18 in Exhibit D.  It is in error to say that Plaintiff has not attempted to resolve the issues that lie at the heart of Request 18.  In fact, Defendant's response to Plaintiff's Motion to Compel in regard to this request cites to its response to Interrogatory 21.  Interrogatory 21 was included in the attempt to resolve discovery disputes.  By Defendant's own rationale, Plaintiff has attempted to resolve the discovery dispute contained in this request.  Rule 37 of the Federal Rules of Civil Procedure does not mandate that each discovery inquiry be listed in an attempt to resolve.  It merely states, "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Clearly, Plaintiff has satisfied this burden.

Defendant has maintains its objections based on overbreadth as to time and geographical location without supplying any evidence that the discovery sought is onerous to obtain, not available or production of such could cause any harm.  As such, Defendant's objection should be overruled and it should be ordered to fully answer this Request.

WHEREFORE Plaintiff requests this Court to grant Plaintiff's Motion to Compel, that said discovery be answered fully within 20 days of the Order and for such other and further relief as this Court deems just.

Respectfully submitted,

SCHLICHTER, BOGARD & DENTON

____/s/JULIA M. EADES_____
NELSON G. WOLFF Fed #37998; Ark #2006002
JULIA M. EADES, MO #50350
100 South Fourth Street, Suite 900
St. Louis, Missouri  63102
(314) 621-6115
(314) 621-7151 (fax)

Edward T. Oglesby ABN 89158
Suite 110 Morgan Keegan Bldg.
100 Morgan Keegan Dr.
Little Rock, AR  72202
(501) 664-1000   Fax (501) 644-1012
edward@oglesbylaw.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of August, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:
SCOTT H. TUCKER
KRISTOPHER B. KNOX, #2004071
FRIDAY, ELDREDGE & CLARK
400 W. Capitol Avenue, Suite 2000
Little Rock, Arkansas  72201
Fax: (501) 376-2147

_____/s/JULIA M. EADES_____