IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT DAVIS                                                                    PLAINTIFF

v.                           CASE NO.  4:07CV00521 BSM

UNION PACIFIC RAILROAD COMPANY                                DEFENDANT

## ORDER

Pending before the court are plaintiff's motion to compel and defendant's motion to quash in part plaintiff's notice of 30(b)(6) deposition duces tecum and its motion for a protective order.

*I. Background*

Plaintiff brings this action under the Federal Employer's Liability Act (FELA) against his employer, the Union Pacific Railroad Company, for injuries he sustained on February 13, 2007, when he suffered permanent injuries to his left ankle and left knee while walking on ballast in defendant's North Little Rock yard.  Plaintiff has been disabled from work since February 13, 2007.

A. Motion to Compel

Defendant objects to certain discovery requests propounded by plaintiff.   Interrogatory No. 19 seeks the identity of all employees from 1990 who reported injury as a result of walking on ballast, the date and place of the incident, and the size of ballast involved.   Request for Production No. 16 seeks reports of employees identified in Interrogatory No. 19.  Defendant states that the request is overbroad as to the time frame, the geographic location, and the size of the ballast. Additionally, defendant asserts that obtaining personal injury information invades the privacy rights of its employees.

Interrogatory No. 21 requests information regarding the type and size of ballast defendant had

in the North Little Rock yard and service track since 1990, including all maintenance and inspections defendant performed. Request for Production No. 18 seeks documents pertaining to Interrogatory No. 21. Defendant objects again as to the overbreadth of the time frame and geographic location. In its supplemental answer, defendant states that the area around the North Little Rock service track underwent a major overhaul in 2005 and 2006. The answer gives additional information as to the amount of ballast, the grade and certain specifications.

Request for Production No. 14 seeks all records from 2004 to the present reflecting whether any of defendant's employees reported any safety concerns with respect to walking on ballast or uneven surfaces. Defendant objects to the time frame and geographic location as being overly broad.

2. Motion to Quash

On June 25, 2008, plaintiff served defendant with a notice of video deposition for a 30(b)(6) witness. In the notice, plaintiff listed 20 different topics; the parties have reached an agreement on 17 of the topics. The following areas remain unresolved:

> 1. The number of and circumstances of all reports system-wide of injury involving tripping, slipping on ballast for the period of 1997 to present, including the date of the injury, the location of injury, and the type/size of ballast involved.

> 2. Safety meetings, complaints, warnings, bulletins, special system instructions/orders, work orders, dispatcher communications, or other material which advised Defendant, its foremen, supervisors, or employees of ballast or walking conditions in the North Little Rock Yard for the period of 1997 to present.

> 3. All actions taken by Defendant, if any, since the date of Robert Davis' reported injury, to reduce the risk of future similar incidents.

Defendant objects to the requests as overly broad and irrelevant. It agrees to produce a witness to respond to the second and third requests as they relate to the area around the service track.

### III. Discussion

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides discovery "of any matter, not privileged, that is relevant to the claim or defense of any party." That the information sought is not admissible is not grounds for objection. *Hofer v. Mack Trucks, Inc.*, 981 F. 2d 377, 381 (8th Cir. 1992) (Rule 26(b) is widely recognized as discovery rule which is liberal in scope and interpretation). Any information that "appears reasonably calculated to the discovery of admissible evidence" is discoverable. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Moses v. Halstead*, 236 F. R. D.. 667, 671 (D. Kan. 2006). As the Federal Rules of Civil Procedure allow for broad discovery, the burden is on the party resisting discovery to establish that the discovery should be limited. *Masters v. UHS of Delaware, Inc.*, No. 4:06CV1850-DJS, 2007 WL 31220015, *1 (E. D. Mo. Oct. 23, 2007). If the discovery sought appears relevant on its face, the party opposing the discovery request has the burden to establish that the discovery is not relevant, or "'is of such marginal relevance that the potential harm occasioned by the discovery'" outweighs the "'presumption in favor of broad disclosure.'" *GP Industries, LLC v. Bachman*, No. 8:06CV50, 2007 W.L 4245786, *4 (D. Neb. 2007) (quoting *Moses*, 236 F. R. D. at 671 (D. Kan. 2006)). If the relevance is not apparent, the party seeking the discovery has the burden of showing the relevancy of the request. *Id*

Defendant's primary objection is to plaintiff's discovery of company-wide information. Defendant seeks to limit discovery to the North Little Rock yard, and more particularly the service

track. Plaintiff argues that information of similar incidents resulting from ballast anywhere in defendant's system is relevant to the notice defendant had of a dangerous condition. He further contends that defendant has not demonstrated that producing the information would be unduly burdensome.

The court finds that information concerning all of the defendant's locations, other than the one in which the plaintiff was injured, is irrelevant. Information from other rail yards is not probative of the notice defendant had of a hazardous condition at the yard where plaintiff worked. The court also finds that all of the information requested by plaintiff regarding injuries suffered at the North Little Rock yard is discoverable. It does not violate HIPAA nor does it implicate other employees' privacy concerns. To the extent the information contains confidential employee information, defendant can redact it or the parties can agree to the entry of a protective order. Therefore, the defendant is ordered to produce the information pertaining to the North Little Rock yard.

Defendant also seeks to limit the time period of plaintiff's requests. The interrogatories ask for over 17 years of information. Plaintiff has not demonstrated why information for that long a time period is necessary or relevant. While it is clear that the subject matter of the information sought is relevant, the court agrees that the time frame is overly broad. *See Nuckles v. Wal-Mart Stores, Inc.*, No. 4:06CV00178 WRW, 2007 WL 1546092, *2 n. 16 (E. D. Ark. May 25, 2007) (citing cases and finding five years is reasonable time frame for discovery). Therefore, the court finds that defendant should produce information from 2000 to the present. The court further finds that the information sought in the Rule 30(b)(6) notice is relevant but inquiry is limited to the period of time from 2000 to the present and to the North Little Rock yard.

For the reasons set forth above, plaintiff's motion to compel (Doc. No. 17) is granted in part

and denied in part; and defendant's motion to quash and for a protective order (Doc. No. 22) is granted in part and denied in part.  Defendant is hereby ordered to produce the discovery requested by plaintiff regarding all incidences occurring in the North Little Rock yard from 2000 to the present.  Defendant is also ordered to designate representatives capable of responding to the areas designated by plaintiff in its Rule 30(b)(6) deposition notice  pertaining to the North Little Rock yard  for the period spanning from 2000 to the present.

IT IS SO ORDERED this 26th day of August, 2008.

_____
UNITED STATES DISTRICT JUDGE