IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | |
|---|---|
| ROBERT DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.4-07-CV-00521-WRW |
| vs. ) | |
| ) | |
| UNION PACIFIC RAILROAD COMPANY, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL AND MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**

COMES NOW Plaintiff Robert Davis, by and through counsel, and for his Response in Opposition to Defendant's Motion to Compel and Plaintiff's Motion for a Protective Order states to this Court as follows:

**INTRODUCTION**

This case involves a claim brought under the Federal Employer's Liability Act (FELA) by Plaintiff Robert Davis against his employer Defendant Union Pacific Railroad Company ("UPRR") for personal injuries he sustained on February 13, 2007 when he suffered permanent injuries to his left ankle and left knee while walking on ballast in UPRR's North Little Rock Yard. Davis has been disabled from work since February 13, 2007.

On April 9, 2008, in the course of answering discovery, Plaintiff provided Defendant with photographs of the scene where Plaintiff was injured. See Plaintiff's Supplemental Responses to Defendant's Request for Production, at No. 21, as well as photographs attached to that Response, all of which is attached hereto as Exhibit 1. Defendant UPPR then served a

1

Second Set of Interrogatories requesting further information regarding the photographs produced by Plaintiff.  Specifically, UPPR requested the date the photographs were taken as well as the name, address and telephone number of the person who took the photographs.  Plaintiff filed Answers to this Second Set of Interrogatories and stated that the photographs were taken in early June of 2007. See Exhibit 2, Plaintiff's Answers to Defendant's Second Set of Interrogatories attached hereto.  Plaintiff objected to providing the name, address and telephone number of the person who took the photographs on the basis that the photographs were taken at the request of Plaintiff's counsel and thus the identity of the photographer was covered by the work product doctrine.  Defendant then filed this Motion to Compel seeking an Order from this Court compelling Plaintiff to provide the name, address and telephone number of the photographer.  Plaintiff should not be ordered to produce this information, however, if this Court should find otherwise, Plaintiff requests that his Motion for a Protective Order be granted and that UPPR be prohibited from disciplining the person who took the photographs.

## **ARGUMENT**

Rule 26 (c) of the Federal Rules of Civil Procedure discusses "Protective Orders" and states the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, by forbidding the disclosure or discovery; specifying terms, including time and place, for the disclosure or discovery; prescribing a discovery method other than the one selected by the party seeking discovery; or forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.

Plaintiff candidly states to this Court that the person who took the photographs is a

current employee of UPPR.  UPRR has already terminated Plaintiff Robert Davis as a result of the circumstances involved in this case.  The person who took the photographs is concerned about and in danger of being disciplined for taking said photographs.

Plaintiff's counsel offered to provide the name of the photographer to counsel for UPPR if UPPR could guarantee that the employee would not be disciplined. See Exhibit 3, email exchange between attorneys for Plaintiff and UPPR attached hereto.  Counsel for UPPR could not agree to this request, thus Plaintiff's counsel has not provided this name to UPPR. Exhibit 3. Plaintiff believes that Defendant is not entitled to this information as the identity of the photographer is not relevant to any issue in the present case or that the identity of the photographer is work product.  In the alternative, if Plaintiff is ordered to divulge the identity of the person who took the photographs, then this Court issue a Protective Order preventing Defendant UPPR from disciplining this employee for taking photographs of the scene where Plaintiff was caused to fall.

45 U.S.C.A. §60 is a provision contained within the Federal Employers' Liability Act ("FELA") which is applicable to the current situation.  45 U.S.C.A. §60 states:

> Penalty for suppression of voluntary information incident to accidents; separability
>
> Any contract, rule, regulation, or device whatsoever, the purpose, intent, or effect of which shall be to prevent employees of any common carrier from furnishing voluntarily information to a person in interest as to the facts incident to the injury or death of any employee, shall be void, and whoever, by threat, intimidation, order, rule, contract, regulation, or device whatsoever, shall attempt to prevent any person from furnishing voluntarily such information to a person in interest, or whoever discharges or otherwise disciplines or attempts to discipline any employee for furnishing voluntarily such information to a person in interest, shall, upon conviction thereof, be punished by a fine of not more than $1,000 or imprisoned for not more than one year, or by both such fine and imprisonment, for each offense. . .

"This section prohibits a railroad from disciplining or attempting to discipline an

employee for furnishing information to an FELA plaintiff." Hendley Central of Georgia R.R.Co., 609 F.2d 1146, 115-51 (5th Cir. 1980). "The obvious purpose of this section is to allow injured railroad workers to obtain needed information about accidents in which they have been involved from their co-workers and to protect those co-workers from retaliation by the railroad." Pratt v. National R.R. Passenger Corp. 54 F.Supp.2d 78, 81 (D.Mass. 1999).  The Court in Pratt noted the legislative history behind 45 U.S.C.A. §60:

> The railroads maintain well-organized and highly efficient claim departments. When an employee is injured, the claim agent promptly endeavors to procure statements from all witnesses to the infliction of the injury, takes photographs, measurements, and obtains all available information considered necessary to protect the railroad company against a possible suit for damages. On the other hand, the claimant may be seriously handicapped in his attempt to procure the information necessary to the determination of the question of liability.  For example a substantial number of the railroads subject to the Employers' Liability Act have promulgated rules which prohibit employees from giving information concerning an accident to anyone excepting certain specified company officials and claim agents. The purpose of the amendment under consideration is to prohibit the enforcement of such rules and permit those who have information concerning the facts and circumstances of a personal injury to give statements to the injured employee or his dependents, or to someone authorized to represent him or them. In relation to the investigation of facts upon which claims for injuries are based, humanity and justice demand that injured railroad men be accorded as much freedom of action as their employers enjoy.

Id. at 81-81.

The atmosphere on the railroad for employees when there is an injury has been described as "frightening." Harper v. Missouri Pacific R.R. Co., 636 N.E.2d 1192, 1199 (Ill. App. Ct. 1994). Railroaders are told that if they testify as witnesses in FELA actions, they will lose their jobs. Id. There is an ongoing attitude of the railroad to suppress information regarding work injuries. Id. at 1200.  The reason railroaders are afraid to talk about work injuries is that they fear they will lose their jobs. Id. The rules of the railroad provide that an employee can be

disciplined and even fired for giving information about a work injury to someone outside the railroad. Id.

In Stark v. Burlington Northern, Inc. 538 F.Supp. 1061 (D. Co. 1982), a conductor attempted to ascertain the identities of certain persons in a photograph at the request of an investigator for a law firm. The Court noted that this conduct did not result in the disclosure of confidential information as the photographs were part of the police record, not company records and the identity of the persons was not confidential information. Id. at 1063. The plaintiff did not obtain the information in a clandestine manner and his inquiries were not extensive in time. The Court held that this conduct was protected 45 U.S.C.A. §60 and further that to effectuate the purpose of §60, it is essential that district courts have the ability to enjoin a disciplinary hearing or action by the railroad which violates this section.

In the present case a railroader took photographs of the scene where plaintiff fell. These photographs were obviously taken during daylight hours by a current employee of UPPR. These photographs have been provided to the attorneys for UPPR. The identity of the photographer is not relevant. Defendant and its employees are able to ascertain the locations depicted; how the scene depicted may or may not be different from the scene on the date of the alleged incident; and the manner in which the location may or may not be different. Plaintiff simply requests that he not be ordered to divulge the name of the person who obtained said photographs. Under 45 U.S.C.A. §60 the taking of photographs in this situation is a protected activity. This person should not be subject to discipline for simply documenting the scene of an injury.

Therefore, Plaintiff respectfully requests that this Court deny Defendant UPPR's Motion to Compel Plaintiff to identify the photographer who obtained the photographs. In the alternative Plaintiff requests that this Court enter a Protective Order prohibiting UPPR from disciplining the person who took the photographs.

Respectfully submitted,

SCHLICHTER, BOGARD & DENTON

____/s/ANDREW S WILLIAMS_____
NELSON G. WOLFF Fed #37998; Ark #2006002
ANDREW S. WILLIAMS #41947
100 South Fourth Street, Suite 900
St. Louis, Missouri  63102
(314) 621-6115
(314) 621-7151 (fax)

Edward T. Oglesby ABN 89158
Suite 110 Morgan Keegan Bldg.
100 Morgan Keegan Dr.
Little Rock, AR  72202
(501) 664-1000   Fax (501) 644-1012
edward@oglesbylaw.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**
I hereby certify that on the 22nd day of December, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:
SCOTT H. TUCKER

KRISTOPHER B. KNOX, #2004071  
FRIDAY, ELDREDGE & CLARK  
400 W. Capitol Avenue, Suite 2000  
Little Rock, Arkansas 72201  
Fax: (501) 376-2147

                                                    /s/ANDREW S. WILLIAMS