IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | |
|---|---|
| ROBERT DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.4-07-CV-00521-WRW |
| vs. ) | |
| ) | |
| UNION PACIFIC RAILROAD COMPANY, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY DISPOSITION

COMES NOW Plaintiff Robert Davis, by and through counsel, and for his Supplemental Response in Opposition to Defendant Union Pacific's Motion for Summary Judgment and states as follows:

1. Plaintiff's counsel took the deposition of Charles Cutrer. Mr. Cutrer is Defendant's Manager of Track Maintenance. His responsibilities include the maintenance and repair of the walkways for the North Little Rock Yard where Plaintiff alleges he was injured.

2. Mr. Cutrer's Deposition and exhibits are attached and marked as Plaintiff's Exhibit 11.

3. In his deposition Mr. Cutrer acknowledges that Union Pacific requires certain grades of ballast to be placed in certain locations. He specifically testified that Class 2 ballast is to be placed in yards. Ex. 11 19:23 - 20:17

4. Class 2 ballast is called yard ballast and is to vary in size from one and a half inches down to three-quarter of an inch. Ex 11 20:25 – 21:5

5. The area where Mr. Davis alleges he was injured should have Class 2 ballast. Ex. 11 22:13 – 23:24

6. Mr. Cutrer could not explain where rocks larger than one and a half inches might come from if found in that area. Ex. 11 25:14 – 25:17

7. Mr. Cutrer was shown pictures of rocks allegedly present in the area of the North Little Rock Yard where Plaintiff alleges he fell. For each of the pictures he confirmed that those rocks did not conform to Class 2 ballast specifications. Ex. 11 25:18 – 27:2.

8. The above evidence supports that Defendant Union Pacific has adopted Ballast Gradiation Standards and if the rocks Plaintiff alleges were present in the location he alleges he fell, those rocks would be in violation of Union Pacific's own standards.

9. As noted in previous filings, §20106 of the FRSA was amended to specifically allow a Plaintiff to pursue a claim that a railroad "failed to comply with its own plan, rule or standard." Clearly the testimony of Mr. Cutrer establishes Defendant had such a standard and a jury could reasonably find that Defendant violated its own standard.

10. In addition Mr. Cutrer's deposition establishes that the FRSA does not subsume the area of ballast regulation. Union Pacific and the entire railroad industry finds it necessary to further define and regulate the use of ballast in railroad operations.

WHEREFORE the supplemental information contained in Mr. Cutrer's deposition further supports the argument that Defendant's Motion for Summary Judgment should be denied.

SCHLICHTER, BOGARD & DENTON

_____/s____Andrew S. Williams_____
NELSON G. WOLFF Fed#37998;Ark. #2006002
ANDREW S. WILLIAMS, MO #41947
100 South Fourth Street, Suite 900
St. Louis, Missouri  63102
(314) 621-6115
(314) 621-7151 (fax)

And

2

        Edward T. Oglesby ABN 89158
        Suite 110 Morgan Keegan Bldg.
        100 Morgan Keegan Dr.
        Little Rock, AR  72202
        (501) 664-1000   Fax (501) 644-1012
        edward@oglesbylaw.com
        ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of January, 2009 a true and correct copy of the above was filed electronically and delivered by United States First Class mail with postage prepaid to the following:

Scott H. Tucker
Friday, Eldredge & Clark
400 W. Capitol Ave.  Ste 2000
Little Rock, AR  72201
Telephone:  501-376-2011
Fax: 501-376-2147

                /s     Andrew S. Williams