IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

ROBERT DAVIS,                                    )
                                                 )
          Plaintiff,                             )
                                                 )  Cause No.4-07-CV-00521-WRW
vs.                                              )
                                                 )
UNION PACIFIC RAILROAD COMPANY,                  )
                                                 )
          Defendant.                             )

**PLAINTIFF'S MOTIONS IN LIMINE**

COMES NOW Plaintiff Robert Davis, by and through his attorneys, and before

trial and the selection of the jury in the above-mentioned cause, moves this Court in

limine, to instruct defendants and their Counsel to abstain from and preclude them from

using any pleading, testimony, remarks, questions, arguments, opening, statements or

evidence which might inform the jury of the following facts:

    1.    <u>When and Why Plaintiff Hired and Consulted With an Attorney</u>.

Defendants should not be allowed to inquire as to when plaintiff has hired an

attorney, when suit was filed or when he consulted with his attorneys because this would

improperly suggest that it was improper for him to seek legal counsel and guidance and

would unfairly prejudice the jury against plaintiff.  The circumstances surrounding the

timing of hiring an attorney is protected by the attorney/client privilege as well as being

completely irrelevant to this lawsuit. Federal Rules of Evidence 501, 401 and 402.  These

references should not be allowed because:

> the right to seek the advice of counsel is so fundamental that, absent a
> justifiable reason and supporting evidence, counsel risks a reversal when
> attempting to discredit a litigant by cross-examining him about the time

1

and circumstances of his having consulted with an attorney to discuss and exercise his legal rights.

Carlyle v. Lai, 783 S.W.2d 925, 928 (Mo.App. 1989).

       2.       Collateral Source and Railroad Retirement Benefits

That Plaintiff has in the past received and/or will in the future be entitled to receive collateral source health insurance, or sickness, disability, and/or retirement benefits from the Railroad Retirement Board or other sources because such evidence is irrelevant, unduly prejudicial and violates the prohibition against collateral source evidence. See Eichel v. New York Central R.R., 375 U.S. 253 (1963) The prohibition should also include references to Plaintiff being placed on or receiving "disability" because this clearly connotes receipt of sickness or disability benefits. All of this evidence should be excluded because this evidence is irrelevant, confusing, unduly, prejudicial, lacks any probative value, misleading and a waste of time. FRE 401, 402, 403. Plaintiff incorporates herein his separate Memorandum of Law in Support, filed simultaneously herewith.

       3.       That Amount of Compensation Plaintiff has Requested in his Complaint or that he is Asking for More Financial Damages Than he Expects to Receive.

Pleadings are not evidence and the amount prayed for as relief "is in fact no part of the claim or cause of action stated." Peitzman v. City of Illmo, 141 F.2d 956, 962 (8th Cir. 1944). The actual amount which Plaintiff will ask the jury to order defendants to pay as damages will not be determined until the close of the evidence. Defendants should not be allowed to tell the jury that Plaintiff are seeking millions of dollars or similar statements to that effect or that they are asking for more than they expect to receive. Such evidence is irrelevant, misleading, confusing, lacks probative value and is unfairly

prejudicial.  The possible existence of any assumed probative value of this evidence, moreover, is substantially outweighed by the risk of the unfair prejudice.  FRE 401-03.

4.      Partial Payment of Medical Bills by Defendant Union Pacific.

Plaintiff has incurred medical bills for treatment related to the subject injuries, which have been paid by Plaintiff's work provided health insurance and/or by Union Pacific in part.  The fact that some of these bills has been paid is irrelevant and would result in jury confusion that likely would unjustifiably limit the scope of Plaintiff's compensatory damages and exempt Defendants from full liability, all to Plaintiff's great prejudice.  Plaintiff has presented Defendants with the amounts of all paid and unpaid related medical bills and offered a stipulation for said amounts so that the evidence can be narrowly and fairly tailored for jury presentation that eliminates the risk of prejudice to any party.  Accordingly, any evidence that amounts have been paid by health insurance or by Union Pacific is irrelevant and should be excluded.

Plaintiff's health insurance is provided as a compensation benefit from Union Pacific, pursuant to a union agreement and constitutes a pure collateral source.  Payment of the premiums is a component of his earned compensation, just as much as it would be if payment were from cash out of pocket.  Since Union Pacific has contributed directly or indirectly to the payment of those paid medical bills, it would be entitled to a set off for any such amounts it has paid, if those amounts are introduced into evidence.   Union Pacific would be liable, without offset for any amounts which remain unpaid at the time of trial, as well as any amounts paid by Plaintiff directly.  The offset should be subject to stipulation, but the jury need not be informed of same.

5.      <u>Railroad Retirement Taxes</u>

Evidence of the amount withheld for railroad retirement taxes, otherwise known as Tier I and Tier II.  The proper measure of a railroad worker's wage loss is gross wages, net of federal and state income taxes.  Railroad Retirement taxes should <u>not</u> be deducted from Plaintiff's lost earnings because the overwhelming majority of jurisdictions exclude such evidence and allow Plaintiff to submit a claim for a future earnings loss discounted by federal and state INCOME taxes only.

Retirement annuities for railroad workers are governed by the Railroad Retirement Act of 1974, 45 U.S.C. §231 et seq. (RRA).  The money for the payment of these annuities is kept in the railroad retirement account maintained in the United States Treasury.  45 U.S.C. 231n.  This account is funded primarily by the Railroad Retirement Tax Act, 26 U.S.C. §§3201 et seq.  Railroad employers and employees are required to pay to the Internal Revenue Service Tier I and Tier II taxes, which are calculated as a percentage of employee compensation.  <u>See</u> 26 U.S.C. §§3201, 3221.  The railroad is responsible for making a contribution regardless of whether an employee is injured on the job and the benefits forwarded under the RRA are of a separate and distinct nature from any recovery under the FELA.  <u>Melton v. Illinois Central Gulf R.Co.</u>, 763 S.W.2d 321, 326 (Mo.App. 1988).

The United States Supreme Court has recognized railroads are entitled to have a plaintiff's earnings loss reduced by federal and state income taxes.  <u>Norfolk & Western R. Co. v. Liepelt</u>, 444 U.S.490, 493-94 (1980).  "The Supreme Court, however, has never held that Tier I and Tier II payments toward retirement are to be treated the same as

federal and state income taxes and, therefore, deducted to establish net income." Norfolk & Western Ry. v. Chittum, 468 S.E.2d 877, 882 (Va. 1996).

The lower courts have uniformly held that railroad retirement taxes are inadmissible to offset a plaintiff's damages. Chittum, Id. (citing Hetrick v. Reading, 39 F.Supp. 22 (D.N.J.1941) (railroad may not set off payments made under RRA against damages awarded under FELA)); Folkstad v. Burlington Northern, Inc., 813 F.2d 1377, 1379-80 (9th Cir. 1987) (payments to RRA are inadmissible collateral source benefits and admission of payments is improper under 42 U.S.§55 barring devices attempted by railroads to exempt themselves from full liability for employee injuries); Newhard v. Philadelphia Bethlehem & New England R.Co., No.97-1527 (3rd Cir. 1999) (fundamental difference between income taxes and the RRB tax which effects the amount of pension benefits an employee receives upon retirement warrants exclusion from evidence). See also Rachel v. Consolidated Rail Corp., 819 F. Supp. 428 (D.Ohio. 1995) (evidence of railroad retirement taxes are not admissible as proof of plaintiff's loss of future annuity value). When figuring after tax lost income in an FELA case, the court in Maylie v. National Railroad Passenger Corp., 791 F.Supp. 477, 487(E.D.Pa. 1992), explicitly found that Social Security taxes were not analogous to retirement taxes and that railroad retirement taxes should not be deducted from plaintiff's projected gross income.

Accordingly, the Court should exclude any evidence of railroad retirement taxes. The only type of taxes to be deducted under federal law are state and federal income taxes, as has been done by Plaintiff's economist, Dr. Ralph Scott, whom Defendant deposed without challenge to this method of calculation.

6.      Personnel & Medical information regarding Plaintiff

Information contained in Plaintiff's Personnel and Medical file regarding Plaintiff that is not concerned with the events of February 17, 2007 and related events thereafter. Any previous discipline imposed or previous injury to unrelated parts of the body are not relevant and have no probative value to the present case.   Introduction of this type of evidence could only serve as an attempt to prove improper character evidence.   Such evidence is prohibited by FRE 404(b).

7.      Availability of Retirement Benefits at age 60

Railroad employees who have thirty (30) years of credited service who attain the age of sixty (60) are eligible for full retirement.   These retirement benefits are granted by and paid by the Railroad Retirement Board.   Any evidence regarding the availability of these retirement benefits constitutes evidence of a collateral source, and as such should be excluded.   See Eichel, supra. This specific issue has been addressed by numerous courts who have excluded evidence of the availability of retirement benefits in Federal Employer's Liability Act cases.   See Norfolk Southern Ry. Corp. v. Tiller, 944 A.2d 1272, 1281 (Ma. Ct. Spec App. 2008); Griesser v. Nat'l R.R. Passenger Corp., 761 A.2d 606, 610, 612 (Pa. Super. Ct. 1999); Brumley v. Fed'l Barge Lines, 396 N.E.2d 1333, 1340 (Ill. App. Ct. 1979); Lee v. Consol. Rail Corp., 1995 WL 734108 (E.D. Pa.)(unreported opinion).   Plaintiff is aware of no contrary case law.

The proper issue at trial is not at what age collateral retirement benefits might be available to Plaintiff, but rather at what age Plaintiff would have retired.   Other sources of proof are available to Defendant to establish at what age Plaintiff and other similarly

situated employees may retire.  These other sources do not require the introduction of prejudicial and irrelevant issues concerning collateral sources of employment benefits.

SCHLICHTER, BOGARD & DENTON

/s/ Andrew S. Williams
NELSON G. WOLFF Fed#37998;Ark. #2006002
ANDREW S. WILLIAMS, MO #41947
100 South Fourth Street, Suite 900
St. Louis, Missouri  63102
(314) 621-6115
(314) 621-7151 (fax)

And

Edward T. Oglesby ABN 89158
Suite 110 Morgan Keegan Bldg.
100 Morgan Keegan Dr.
Little Rock, AR  72202
(501) 664-1000   Fax (501) 644-1012
edward@oglesbylaw.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of February, 2009 a true and correct copy of the above was filed electronically and delivered by United States First Class mail with postage prepaid to the following:

Scott H. Tucker
Friday, Eldredge & Clark
400 W. Capitol Ave.  Ste 2000
Little Rock, AR  72201
Telephone:  501-376-2011
Fax: 501-376-2147

/s/ Andrew S. Williams