IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT DAVIS                                                                                       PLAINTIFF

v.                                     CASE NO.  4:07CV00521 BSM

UNION PACIFIC RAILROAD COMPANY                                          DEFENDANT

## ORDER

Pending before the court is defendant's motion for summary judgment (Doc. No. 42). Plaintiff has responded and defendant has replied.  For the reasons set forth below, the motion is denied.

## I. BACKGROUND

Plaintiff brings this action under the Federal Employer's Liability Act (FELA) against his employer, the Union Pacific Railroad Company, for injuries he sustained on February 13, 2007.  At the time of his injury, plaintiff was employed as an Outside Locomotive Mover. Plaintiff alleges that he rolled his left ankle while walking on loose ballast near the service track in defendant's North Little Rock yard.  Ballast consists of crushed rock and other materials.

The walkway is comprised of smaller type ballast, but  scattered throughout the area are larger rocks that could pose a tripping hazard.  The area in which plaintiff was walking does not support any track or track bed.  He claims that he injured his left ankle and left knee as a result of the incident, and that  he has been disabled from work since February 13, 2007.

## II.  STANDARD OF REVIEW

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Nelson v. Corr. Med. Servs.*, 533 F.3d 958, 961 (8th Cir. 2008) (citing Fed. R. Civ. P. 56; *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008)).

The basic facts in this case are undisputed, and the outstanding issue is purely a legal question of whether plaintiff's FELA claim is precluded by the Federal Railroad Administration's (FRA) regulation regarding ballast.  "When the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Boyle v. Anderson*, 68 F.3d 1093, 1097 (8th Cir. 1995) (summary judgment on issue of preemption). *See Noe v. Henderson*, 456 F.3d 868, 870 (8th Cir. 2006) (preemption is question of law).

## III.  DISCUSSION

This case involves the interaction of two federal statutes, the FELA and the Federal Railroad Safety Act (FRSA).  The FELA provides that "[e]very common carrier by railroad while engaging in commerce . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . ."  45 U.S.C. § 51.  In enacting the FELA in 1908, Congress was concerned with protecting railroad employees who were injured on the job. *See Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 541 (1994) ("Cognizant of the physical dangers of railroading that resulted in the death or maiming of thousands of workers

each year, Congress crafted a federal remedy that shifted part of the 'human overhead' of doing business from employees to their employers.") Congress intended that the FELA be a broad, remedial statute, which the courts have liberally construed to carry out Congress's objectives. *Hane v. Nat'l R.R. Passenger Corp.,* 110 F.3d 573, 574 (8th Cir. 1997).

In 1970, Congress enacted the FRSA "to promote safety in all areas of railroad operations and reduce railroad-related accidents and incidents." 49 U.S.C. § 20101. The FRSA provides that "[l]aws, regulations, and orders related to safety and laws, regulations, and orders related to railroad security shall be nationally uniform to the extent practicable." 49 U.S.C. § 20106(a). The FRSA authorizes the Secretary of Transportation to "prescribe regulations and issue orders for every area of railroad safety . . ." 49 U.S.C. § 20103(a). The Secretary of Transportation delegated the responsibility under the FRSA to the FRA, which adopted track safety standards in 1971. *See* 49 C.F.R. § 1.49 (Delegations to FRA), 49 C.F.R. part 213 (Track Safety Standards).

"The Supreme Clause of Art VI of the Constitution provides Congress with the power to pre-empt state law. . . The critical question in any preemption analysis is always whether Congress intended that federal regulation supersede state law." *La. Pub. Serv. Comm'n v. F.C.C.*, 476 U. S. 355, 368-69 (1986). "[P]re-emption will lie only if the federal regulations substantially subsume the subject matter of the relevant state law." *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 664 (1993). The traditional preemption analysis which addresses state and federal laws does not apply in this instance. *Tufariello v. Long Island R.R. Co.*, 458

F 3d 80, 86 (2d Cir. 2006) (preemption doctrine flows from Constitution's Supremacy Clause "which invalidates state laws that interfere with, or are contrary to, federal law.") (internal quotation marks and citation omitted). *See also Waymire v. Norfolk and W. Ry. Co.*, 218 F.3d 773, 775 (7th Cir. 2000) (preemption analysis not employed where court faced with interaction of two federal statues).

Recognizing that preemption pertains to a federal-state conflict, courts have used a preclusion analysis, finding that a cause of action brought under the FELA may be precluded or superseded by the FRSA and accompanying federal regulations. *Rice v. Cincinnati, New Orleans & Pacific Ry. Co.*, 955 F. Supp. 739, 740 (E.D. Ky. 1997) (when faced with two federal statutes, court must reconcile them. "To the extent that they are inconsistent, the FRSA will supersede the FELA based on the policy embodied in the FRSA to ensure uniformity in law pertaining to railway safety."). *See Thomas v. BNSF Ry. Co.*, No. 07-CV-310-JHP-FHM, 2008 WL 4981569 (N.D. Okla. Nov. 19, 2008) (FRSA does not supersede FELA negligence claims based on the failure to install bridge walkway or the composition or adequacy of an installed walkway); *Dickerson v. Staten Trucking, Inc.*, 428 F. Supp.2d 909, 913 (E. D. Ark. 2006) (Plaintiff's crashworthiness claims under FELA precluded by FRSA); *Rice*, 955 F. Supp. at 740-41 (E. D. Ky. 1997) (FRSA supersedes plaintiff's claims under FELA concerning train speed and crossing safety devices, but not closing of railroad crossing); *Jordan v. Burlington N. Santa Fe R.R.* Co., No. W2007-00436-COA-R3-CV, 2009 WL 112561, *8 -9 (Tenn. Ct. App. Jan. 15, 2009) ("Some courts have extended the reasoning

4

of the preemption analysis . . and held that *federal* negligence claims brought by railroad employees pursuant to fELA are 'precluded' by FRSA regulations.) (emphasis in original).[1]

Plaintiff alleges that defendant violated the FELA for negligently failing to provide plaintiff a safe place to work, for failing to provide plaintiff reasonably safe walking areas, for failing to inspect and maintain the ballast; and for failing to use appropriately sized and secure ballast in areas where employees are required to walk. (Doc. No. 1, ¶ 7). Defendant argues that plaintiff's FELA claim is precluded by the the regulations promulgated by the Secretary of Transportation relating to ballast. The applicable regulations provide as follows:

PART 213 TRACK SAFETY STANDARDS

§ 213.1 Scope of part.

> (a) This part prescribes minimum safety requirements for railroad track that is part of the general railroad system of transportation. The requirements prescribed in this part apply to specific track conditions existing in isolation. Therefore, a combination of track conditions, none of which individually amounts to a deviation from the requirements in this part, may require remedial action to provide for safe operations over that track. This part does not restrict a railroad from adopting and enforcing additional or more stringent requirements not inconsistent with this part.

---

[1] A number of courts, however, continue to use preemption language when discussing the interaction of the FELA and the FRSA. *See e.g., Major v. CSX Transp.*, 278 F. Supp. 2d 597, 610 (D. Md. 2003) (finding that FELA claims based on design and operation of signal system were preempted by FRSA); *In re: Amtrak "Sunset Limited" Train Crash in Bayou Canot, Alabama, on September 22, 1993*, 188 F. Supp. 2d 1341, 1349 (S.D. Ala. 2000) ("Like common law negligence claims, FELA negligence claims may not be used to impose duties beyond those imposed by Congress or the FRA–that is, FELA claims may, indeed, be subject to preemption.")

. . .

Subpart D - Track Structure

§213.101 Scope

>This subpart prescribes minimum requirements for ballast, crossties, track assembly fittings, and the physical conditions of rails.

§213.103 Ballast; general.

>Unless it is otherwise structurally supported, all track shall be supported by material which will --
>
>>(a) Transmit and distribute the load of the track and railroad rolling equipment to the subgrade;
>>
>>(b) Restrain the track laterally, longitudinally, and vertically under dynamic loads imposed by railroad rolling equipment and thermal stress exerted by the rails;
>>
>>(c) Provide adequate drainage for the track; and
>>
>>(d) Maintain proper track crosslevel, surface, and alinement.

49 C.F.R. §§ 213.1, 213.101, 213.103.

Defendant contends that plaintiff's FELA claim is precluded because the FRA has substantially subsumed the field of ballast regulation. Plaintiff counters that the gravamen of his complaint is that defendant failed to provide a safe work environment because it allowed a tripping hazard to exist in its walkways. Plaintiff argues that the ballast regulation does not address, cover or substantially subsume the issue of ballast material in train yard

walkways. According to plaintiff, the regulation covers track safety, not employee walkways or walkway conditions.

A number of courts have addressed the exact issue presented in this case. Almost every court has concluded that "the FRSA is silent on the question of walkways. The regulations are directed toward creating a safe roadbed for trains, not a safe walkway for railroad employees who must inspect the trains." *Grimes v. Norfolk S. Ry. Co.*, 116 F. Supp. 2d 995, 1002-03 (N.D. Ind. 2000) ("There is also nothing in the language or legislative history of any enactment, including FRSA, that indicates the serious purpose of undermining the basic core of FELA and its essential purposes.").

Defendant relies on several district court cases from the federal district courts in Michigan to support its argument.[2] These cases, which found that the plaintiff's FELA claims of improperly sized or large ballast were precluded by the FRSA, rely on *Waymire* and *Lane v. R. A. Sims, Jr., Inc.*, 241 F.3d 439 (5th Cir. 2001) to support their conclusions. Their reliance, however, is misplaced. *Waymire* is limited to its holding that an FELA claim on the issues of train speed and warning devices at grade crossings is superseded by the FRSA. The Supreme Court had already found those issues preempted by the FRSA. *See Norfolk S. Ry. Co. v. Shanklin*, 529 U.S. 344, 358 (2000) (state claim alleging inadequacy of

---

[2]*Crabbe v. Consolidated Rail Corp.*, No. 06-12622, 2007 WL 3227584 (E. D. Mich. Nov. 1, 2007); *Ferra v. Canadian Nat'l/Illinois Central R. R.,* No. 05-72721, U.S. Dis. LEXIS 88457 (E. D. Mich. May 4, 2007); *Nickels v. Grand Trunk W. R.R.*, No. 06-CV-11846, 2007 U.S. Dist. LEXIS 888481 (E. D. Mich. May 30, 2007); *Cooper v. CSX Transp., Inc.*, No. 05-CV-73392 (E.D. Mich. October, 2007) (attached as Exhibit G to defendant's brief in support of motion for summary judgment, Doc. No. 43).

warning devices preempted by FRSA); *Easterwood,* 507 U.S. at 676 (FRSA regulations pertaining to train speed preempt state law negligence action asserting train traveling at excessive speed). As *Waymire* stated:

> To treat cases brought under federal law differently from cases brought under state law would defeat FRSA's goal of uniformity. It would deny recovery to the motorist struck by the train, but not to the engineer operating the train. We do not believe that is the result envisioned by the statute or by the Supreme Court's decisions. To the extent that FELA, then, is inconsistent with FRSA on the issues of train speed and warning devices at grade crossings, we hold that FRSA supersedes FELA.

218 F.3d at 777.

Similarly, *Lane* dealt with train speed. With respect to speed, and warning devices, the matter is well-settled. An FELA excessive-speed or inadequate warning device claim is precluded by the FRSA and accompanying regulation. *See Thomas*, 2008 WL 4981569 at *3 (Majority of courts have found that FRSA superceded FELA in regard to claims for excessive speed and inadequate warning devices) (citing cases).

Defendant, as well as the Michigan district courts, also rely on *Norris v. Central of Georgia Railroad Co.*, 635 S.E.2d 179 (Ga. App. 2006). In *Norris*, the plaintiff, who injured his knee when he stumbled on ballast, brought an FELA claim alleging that the railroad failed to provide a safe work area by using mainline ballast, instead of smaller yard ballast. In finding that the plaintiff's FELA claim was precluded by the ballast regulation, the court relied on *Tufariello v. Long Island Railroad Co.*, 364 F. Supp. 2d 252 (E.D. N.Y. 2005), which was subsequently reversed by the Second Circuit in *Tufariello v. Long Island Rail*

*Road. Co.*, 458 F.3d 80 (2d Cir. 2006) (finding that FRSA and regulations pertaining to minimum sound levels for warning devices on trains did not preclude plaintiff's FELA suit alleging that the railroad failed to provide him adequate hearing protection). The precedential value of *Norris* is diminished in light of the Second Circuit's decision.

The FRSA also contains an express preemption provision, which was recently amended. 49 U.S.C.§ 20106 (a)(2); 49 U.S.C. § 20106(b) (Clarification regarding State law causes of action). The parties, particularly defendant, spend some time addressing the applicability of the 2007 Amendment to the FRSA to this case. The amendment, however, is not applicable to this case. The amendment concerns preemption of state causes of actions. As discussed above, this case involves the possible conflict of two federal statutes.

The court agrees with the reasoning of the courts that have found that the issue of walkways is not covered by the regulation concerning ballast. It is obvious when reading the regulation that it "is concerned with the track and its immediately adjoining area and not with railroad yards. The obvious concern, moreover, is with the safety of the train, the prevention of derailments, and not the quality of the work place provided for employees." *CSX Transp., Inc. v. Miller*, 858 A.2d 1025, 1050 ( Md. Ct. Spec. App. 2004) (holding that FRSA and regulation did not preclude plaintiff's FELA ballast claims). Plaintiff's FELA claim concerns defendant's failure to provide a reasonably safe workplace by failing to provide safe walkways on which to perform his work duties. The regulation does not touch, cover or substantially subsume the matter of employee walkways or yard walkway conditions. *See*

*Wilcox v. CSX Transp., Inc.*, No. 1:05-CV-107, 2007 WL 1576708 (N.D. Ind. May 30, 2007) (finding that plaintiff's claim that railroad used large, oversized ballast which caused injury to him not precluded. "[T]he plain language of § 213.103 does not state, expressly or by implication, that the regulation was intended to provide for the safety of railroad employees, or that it was promulgated by the FRA with a clear intent to occupy the field of safety regulation of ballast completely . . .") (internal quotation marks omitted); *Grimes*, 116 F. Supp. 2d at 1003 (nothing in FRSA regulations to preclude plaintiff from asserting that railroad was negligent for failing to provide a safe place to walk); *S. Pacific Transp. v. Pub. Utilities Comm'n of the State of Cal.*, 647 F. Supp.1220, 1225 (N.D. Cal. 1986) ("No FRA regulation addresses the concern that employees have a safe working environment near railroad tracks."), *aff'd* 820 F.2d 1111 (9th Cir. 1987) (No federal preemption of California's track clearance and walkway requirements); *Elston v. Union Pacific R.R. Co.*, 74 P.3d 478, 488 (Col .Ct. App. 2003) (Ballast standards are directed at promoting safe roadbed for trains, and do not cover walkways; plaintiff's FELA claim arising from injuries suffered when he slipped and fell on ballast not precluded by FRSA regulations); *Miller*, 858 A.2d at 1050 ("Even a surface glance at the FRSA regulation . . persuades us that it does not touch, let alone pervasively cover, the railroad yard conditions that allegedly fell short of the safe and healthy workplace environment that [the railroad] was obligated to provide for its employees."); *Hendrix v. Port Terminal R.R. Assn'n,*, 196 S.W.3d 188, 201 (Tex. App. 2006) ("FRSA does not preclude, as a matter of law, any and all employee FELA claims that relate

to or touch upon walkway conditions and the size of rail yard ballast.").

The court need not belabor the point. It is clear that plaintiff's FELA claim is not precluded by the FRSA and the ballast regulations. As the court in *Grimes* stated:

> The Defendant NSRC has asked this Court to extend *Waymire* well beyond its holding to preclude a negligence claim under FELA for any conduct by the railroad even remotely covered by a regulation enacted under FRSA. This Court declines the invitation to do so.

116 F. Supp.2d at 1003.

Accordingly, defendant's motion for summary judgment (Doc. No. 42) is denied; plaintiff's motion for leave to file a supplemental response (Doc. No. 50) is granted; defendant's motion to compel (Doc. No. 38) and plaintiff's motion for protective order (Doc. No. 40) are denied as moot.

IT IS SO ORDERED this 18th day of February, 2009.

_____
UNITED STATES DISTRICT JUDGE